AO 91 (Rev. 11/11)   Criminal Complaint

AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| MARIO HENRIQUE COSTA MALOCA SANCHEZ, | ) | Case No. |
| and | ) | 18- 34-SMM |
| MAYQUE PAULINO-PEREIRA, | ) | |
| | ) | |
| Material Witnesses | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

APR - 2 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ March 17, 2018 _____ in the county of _____ Martin _____ in the
_____ Southern _____ District of _____ Florida _____ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18 U.S.C. § 3144 | Being a material witness in a criminal proceeding, whose presence may become impracticable to secure by subpeona, and therefore whose presence is required at a deposition. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

James Macek, Special Agent, DHS/HSI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4\2\18

_____
*Judge's signature*

City and state: _____ Fort Pierce, Florida _____

Shaniek M. Maynard, U.S. Magistrate Judge
_____
*Printed name and title*

### AFFIDAVIT OF
### JAMES E. MACEK, SPECIAL AGENT
### HOMELAND SECURITY INVESTIGATIONS

I, James E. Macek, being duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), employed in such capacity since April 2007. Currently, I am assigned to the office of Homeland Security Investigations (HSI), Fort Pierce, Florida. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510 (7), that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrest for violations of federal law. I am responsible for enforcing federal criminal statutes relating to Homeland Security Investigations, including Title 8, United States Code, Section 1324, Bringing in and Harboring Certain Aliens.

2.      I am familiar with the facts and circumstances surrounding this investigation from my own investigative efforts, as well as from information obtained from other law enforcement officers with personal knowledge of the evidence and activities described herein. Although I am familiar with the facts and circumstances of this investigation, I have not included each and every fact known to me about the matters set forth herein, but only those facts that I believe are necessary to establish probable cause that the testimony of witnesses Mario Henrique Costa Maloca Sanchez, and Mayque Paulino -Pereira is material to the prosecution of Jiles Jackson Russell and Dwight Omar Huie, 2:18-mj-00025-SMM.

### FACTS

3.      On March 17, 2018, the United States Coast Guard detained Jiles Jackson Russell and Dwight Omar Huie, and began an investigation regarding a violation of Title 8, United States Code, 1324: Bringing in and Harboring Certain Aliens.

4.      On March 19, 2018, United States Magistrate Judge Shaniek M. Maynard, approved a complaint charging Russell with alien smuggling, in violation of Title 8, U.S.C. § 1324(a)(1)(a)(1), and possession of firearms and/or ammunition by prohibited person- alien, in violation of Title 18, U.S.C. 922 (g)(5), (Case No. 18-25-SMM) a copy of which is attached as Exhibit A. Magistrate Maynard also approved a complaint charging Huie with attempted illegal reentry, in violation of Title 8, U.S.C. §§ 1326(a) & (b)(2) , (Case No. 18-026-SMM), a copy of which is attached as Exhibit B.

6.     On basis of this investigation, I believe that the testimony of the following witnesses, who are two Brazialian nationals, without  U.S. residency or permission to enter the U.S., are material to the prosecution of Jiles Jackson Russell and Dwight Omar Huie for the  aforementioned offense:

a.     Mario Henrique Costa Maloca Sanchez; and

b.     Mayque Paulino-Pereira.

7.     On March 17, 2018, I interviewed Mario Henrique Costa Maloca Sanchez, while on the Coast Guard Cutter, who post <u>Miranda</u> warnings stated, in summary, he decided to come to the United States, while in Brazil, and took a direct flight from Brazil to Nassau, Bahamas.  After looking for a way to U.S. for approximately 25 days, he went to Freeport.  He was picked up by a car and taken from his hotel to the boat, where he paid $4,000 for his trip to U.S., and there were others already on the boat.  As they were leaving, when the boat got close to rocks with a red light, the initial driver got off the boat and another male got on and took over driving the boat. He admitted that he was in U.S. previously, but after he went back to Brazil, he was not allowed to return to the U.S.

8.     On March 27, 2018, I interviewed Mayque Paulino-Pereira, at the Broward Transitional Center, who stated because he met with Brazilians at his home regarding his trip to the U.S., he feared for his family.  He stated that he took several flights from Brazil to get to Nassau Bahamas, where he stayed 3 days.  He then went to Freeport.  He stated that he paid $5,000 in Bahamas to the first driver of the boat, and then was to pay an additional $5,000 in once he arrived to the U.S.  He stated that he boarded the boat in Freeport, and one male started driving the boat. He said that the driver stopped at the end of the marina, got off the boat on some rocks, and another driver got on from the rocks.  He said he and the others laid down in the boat, and the driver never spoke to him.  There were no life vests on the boat or anything that had been promised to him. During the boat ride, he observed the driver using a cellphone to navigate with "Google maps." I showed him a photo of Jiles Jackson Russell and asked him if he recognized him and how, he stated he was the driver.

2

9.      The aforementioned material witnesses are both currently in Immigration and Customs Enforcement's custody, and are pending removal or other immigration legal processing, due to their status as illegal aliens.

10.     I believe that the aforementioned witnesses' lack of lawful entitlement to come to, enter, or reside in the United States, as well as their pending removals to the country of Brazil, make them a risk of flight, and makes it impractical to secure their presence by subpoena for future proceedings in the cases of United States of America v. Jiles Jackson Russell and United States of America v. Dwight Omar Huie.

9.      Based upon the foregoing, your Affiant submits that there is probable cause to believe that the testimony of witnesses Mario Henrique Costa Maloca Sanchez, and Mayque Paulino -Pereira is material to the prosecution of Jiles Jackson Russell and Dwight Omar Huie.


FURTHER YOUR AFFIANT SAYETH NAUGHT

JAMES E. MACEK
Special Agent, Homeland Security Investigations


Sworn and subscribed to before me this 2nd day of April, 2018, in Fort Pierce, Florida.

SHANIEK M. MAYNARD
United States Magistrate Judge


3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 18-34-SMM

**UNITED STATES OF AMERICA**

**v.**

**MARIO HENRIQUE COSTA MALOCA SANCHEZ, and**
**MAYQUE PAULINO-PEREIRA,**

      **Material Witnesses.**

_____/

## <u>MATERIAL WITNESS COVER SHEET</u>

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

   _____Yes      _____✔_____No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

   _____Yes      _____✔_____No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

   _____Yes      _____✔_____No

      Respectfully submitted,

      BENJAMIN G. GREENBERG
      UNITED STATES ATTORNEY

By:_____
      Carmen M. Lineberger
      Bar/Court ID A5501180
      Assistant United States Attorney
      Carmen.Lineberger@usdoj.gov
      United States Attorney's Office
      101 South US Highway 1, Suite 3100
      Fort Pierce, FL 34950
      Telephone:  772-466-0899
      Facsimile:  772-466-1020

AO 91 (Rev. 08/09)   Criminal Complaint

AUSA CARMEN LINEBERGER

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| JILES JACKSON RUSSELL, | )   Case No.   18-25-SMM |
| | ) |
| | ) |
| Defendant(s) | ) |

FILED BY ___CGA___

**Deputy Clerk**

## *Mar 19, 2018*

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Pierce

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 17, 2018___ in the county of ___Martin___ in the

___Southern___ District of ___Florida___ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C.  § 1324(a)(1)(A)(i), | Alien Smuggling |
| 18 U.S.C. 922 (g)(5) | Possession of firearms and/or ammunition by prohibited person- alien. |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
*Complainant's signature*

James Macek, Special Agent, Department of Homeland Security
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/19/18

_____
*Judge's signature*

City and state:            Fort Pierce, Florida

Shaniek M. Maynard,  U.S. Magistrate Judge
*Printed name and title*

*Exhibit A*

## AFFIDAVIT OF
## JAMES E. MACEK, SPECIAL AGENT
## HOMELAND SECURITY INVESTIGATIONS

I, James E. Macek, being duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), employed in such capacity since April 2007. Currently, I am assigned to the office of Homeland Security Investigations (HSI), Fort Pierce, Florida. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrest for violations of federal law. I am responsible for enforcing federal criminal statutes relating to Homeland Security Investigations, including Title 8, United States Code, Section 1324(a)(1)(A)(i), alien smuggling; Title 8, United States Code, Section 1326(a), attempted illegal reentry into the United States; and Title 8, United States Code, Section 922 (g)(5), possession of firearms and/or ammunition by prohibited person- alien.

2.      I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein. Although I am familiar with the full breadth of the facts and circumstances of this investigation, I have not included in the affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this court to authorize the arrest of Jiles Jackson RUSSELL, for violating Title 8, United States Code, Section 1324(a)(1)(A)(i), alien smuggling; and Title 8, United States Code, Section 922 (g)(5), possession of firearms and/or ammunition by prohibited person- alien. There is also probable cause to believe that Dwight Omar HUIE has violated Title 8, United States Code, Section 1326(a) and (b)(2), attempted illegal reentry into the United States.

3.      On March 17, 2018, HSI Fort Pierce received a request for assistance with a suspected maritime migrant smuggling event, in the territorial waters approximately twelve miles east of Hobe Sound, Martin County, Florida. United States Coast Guard (USCG) observed a small vessel, operating in the dark with no lights, later identified as a twenty-three (23) foot Mako center console boat with one engine, heading west towards Hobe Sound, Martin County, Florida. When Coast

Guard approached and stopped the vessel, they observed Jiles Jackson RUSSELL (hereafter RUSSELL), as the sole operator of the vessel, which was carrying five additional males on board.

     4.     During the encounter, RUSSELL informed USCG officers that he had ammunition and a light for a pistol in his bag, and directed the officers to the bag, which contained the 10 rounds of .45 caliber ammunition and a weapon mountable flashlight.

     5.     All six occupants of the boat were later transferred to the USCG cutter Gannet, so that biographical checks could be conducted. RUSSELL was advised of his <u>Miranda</u> rights, and verbally acknowledged that he understood his rights and agreed to speak with agents without the presence of an attorney. RUSSELL stated that he had paid $1500.00 USC to a guy named "Frank" to get him to the United States, and also he provided approximately four (4) or five (5) thousand Dollars to "Frank" to pay for the fuel and parts for the boat. RUSSELL stated that the boat left from the West End of the Grand Bahama Island with "Frank" initially driving, but Frank" boarded another boat that met up with them and departed. He claimed that it took place approximately one (1) hour before the boat was stopped by USCG.

     6.     RUSSELL admitted that after "Frank" departed the boat, he made a "conscious decision" that he was still going to the United States and said "I'm smuggling me here." RUSSELL admitted that he originally had an H&K .45 caliber pistol on board and that he was planning to sell the ammunition. RUSSELL stated that he threw the handgun and his cell phone overboard, when the Coast Guard approached the boat. RUSSELL stated he lived with his father in Nassau, Bahamas, and admitted he was currently "out on $15,000 USC bond" in the Bahamas, and his charges included armed robbery and attempted homicide. That claim is currently under investigation.

     7.     Dwight Omar HUIE (hereafter HUIE) is a Jamaican national and was one of five passengers from the vessel. HUIE was advised of his Miranda rights, and verbally acknowledged that he understood his rights and agreed to speak with agents without the presence of an attorney. HUIE admitted that he had previously been in the United States, and requested that "the Captain" be present during his interview, at which time the interview was concluded.

     8.     HUIE was fingerprinted and those prints were subsequently cross-referenced with IDENT and IAFIS, two fingerprint databases commonly utilized by law enforcement. Results on IDENT and IAFIS were positive.

9.      The IDENT alert identified HUIE as being an aggravated felon, previously deported from the United States back to Jamaica, on June 29, 2011.  IAFIS returned criminal history associated with FBI# XXXX41JB3.  HUIE, on or about April 10, 2001, was convicted of one felony count of sexual abuse first degree: contact by forcible compulsion in Westchester County, New York.

10.      Further database checks revealed that HUIE is an alien and not a citizen of the United States, but rather is a native and citizen of Jamaica, who was previously removed from the United States on or about June 29, 2011, after being paroled.

11.      Additional database checks of ICE and CBP systems do not show any authorization or permission granted for legal reentry into the United States by HUIE. As a result, HUIE has attempted to enter into the United States, contrary to law.

12.      Based on the aforementioned information and investigation, I submit that there is probable cause to believe that Jiles Jackson RUSSELL, has violated Title 8, United States Code, Section 1324(a)(1)(A)(i), alien smuggling; and Title 8, United States Code, Section 922 (g)(5), possession of firearms and/or ammunition by prohibited person- alien.  There is also probable cause to believe that  Dwight Omar HUIE has violated Title 8, United States Code, Section 1326(a), attempted illegal reentry into the United States.

FURTHER YOUR AFFIANT SAYETH NAUGHT

JAMES E. MACEK
Special Agent, Homeland Security Investigations


Sworn and subscribed to before me this 19th day of March 19, 2018  in Fort Pierce, Florida.


SHANIEK M. MAYNARD
United States Magistrate Judge

3

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No: 18-025-SMM

**UNITED STATES OF AMERICA**

**v.**

**JILES JACKSON RUSSELL,**
                    **Defendant.**
_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

        _____Yes        ____X____No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

        _____Yes        ____X____No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

        _____Yes        ____X____No

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By: _____
Carmen M. Lineberger (A5501180)
Email:carmen.lineberger@usdoj.gov
Assistant United States Attorney
101 South U.S. Highway 1, Ste. 3100
Fort Pierce, Florida 34950
TEL: 772-466-0899
FAX: 772-466-1020
Attorney for Plaintiff U.S.A.

AO 91 (Rev. 08/09)  Criminal Complaint

AUSA Carmen M. Lineberger

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

<table>
<tr><td>United States of America<br>v.<br><br>DWIGHT OMAR HUIE,<br><br><br>_____<br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.  18-026-SMM</td></tr>
</table>

> FILED BY _____ CGA _____
>
> *Mar 19, 2018*
>
> STEVEN M. LARIMORE
> CLERK U.S. DISTRICT CT.
> S.D. OF FLA. Fort Pierce

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____March 17, 2018_____ in the county of _____Martin_____ in the _____Southern_____ District of _____Florida_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 8 U.S.C. §§ 1326(a) & (b)(2) | Attempted illegal reentry into the United States |

This criminal complaint is based on these facts:

-SEE ATTACHED AFFIDAVIT-

☑ Continued on the attached sheet.

_____
*Complainant's signature*

James Macek, Special Agent, Department of Homeland Security/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3/19/16

_____
*Judge's signature*

City and state: _____Fort Pierce, Florida_____

Shaniek M. Maynard, U.S. Magistrate Judge
*Printed name and title*

*Exhibit B*

**AFFIDAVIT OF**
**JAMES E. MACEK, SPECIAL AGENT**
**HOMELAND SECURITY INVESTIGATIONS**

I, James E. Macek, being duly sworn, do hereby depose and state as follows:

1.      I am a Special Agent with the U.S. Department of Homeland Security, Homeland Security Investigations (HSI), employed in such capacity since April 2007. Currently, I am assigned to the office of Homeland Security Investigations (HSI), Fort Pierce, Florida. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States, who is empowered by law to conduct investigations of and to make arrest for violations of federal law. I am responsible for enforcing federal criminal statutes relating to Homeland Security Investigations, including Title 8, United States Code, Section 1324(a)(1)(A)(i), alien smuggling; Title 8, United States Code, Section 1326(a), attempted illegal reentry into the United States; and Title 8, United States Code, Section 922 (g)(5), possession of firearms and/or ammunition by prohibited person- alien.

2.      I submit this affidavit based on information known to me personally from the investigation, as well as information obtained from other law enforcement officers who have investigated this matter, or other individuals who have personal knowledge of the facts herein. Although I am familiar with the full breadth of the facts and circumstances of this investigation, I have not included in the affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for this court to authorize the arrest of Jiles Jackson RUSSELL, for violating Title 8, United States Code, Section 1324(a)(1)(A)(i), alien smuggling; and Title 8, United States Code, Section 922 (g)(5), possession of firearms and/or ammunition by prohibited person- alien. There is also probable cause to believe that Dwight Omar HUIE has violated Title 8, United States Code, Section 1326(a) and (b)(2), attempted illegal reentry into the United States.

3.      On March 17, 2018, HSI Fort Pierce received a request for assistance with a suspected maritime migrant smuggling event, in the territorial waters approximately twelve miles east of Hobe Sound, Martin County, Florida. United States Coast Guard (USCG) observed a small vessel, operating in the dark with no lights, later identified as a twenty-three (23) foot Mako center console boat with one engine, heading west towards Hobe Sound, Martin County, Florida. When Coast

Guard approached and stopped the vessel, they observed Jiles Jackson RUSSELL (hereafter RUSSELL), as the sole operator of the vessel, which was carrying five additional males on board.

4.    During the encounter, RUSSELL informed USCG officers that he had ammunition and a light for a pistol in his bag, and directed the officers to the bag, which contained the 10 rounds of .45 caliber ammunition and a weapon mountable flashlight.

5.    All six occupants of the boat were later transferred to the USCG cutter Gannet, so that biographical checks could be conducted. RUSSELL was advised of his <u>Miranda</u> rights, and verbally acknowledged that he understood his rights and agreed to speak with agents without the presence of an attorney. RUSSELL stated that he had paid $1500.00 USC to a guy named "Frank" to get him to the United States, and also he provided approximately four (4) or five (5) thousand Dollars to "Frank" to pay for the fuel and parts for the boat. RUSSELL stated that the boat left from the West End of the Grand Bahama Island with "Frank" initially driving, but Frank" boarded another boat that met up with them and departed. He claimed that it took place approximately one (1) hour before the boat was stopped by USCG.

6.    RUSSELL admitted that after "Frank" departed the boat, he made a "conscious decision" that he was still going to the United States and said "I'm smuggling me here." RUSSELL admitted that he originally had an H&K .45 caliber pistol on board and that he was planning to sell the ammunition. RUSSELL stated that he threw the handgun and his cell phone overboard, when the Coast Guard approached the boat. RUSSELL stated he lived with his father in Nassau, Bahamas, and admitted he was currently "out on $15,000 USC bond" in the Bahamas, and his charges included armed robbery and attempted homicide. That claim is currently under investigation.

7.    Dwight Omar HUIE (hereafter HUIE) is a Jamaican national and was one of five passengers from the vessel. HUIE was advised of his Miranda rights, and verbally acknowledged that he understood his rights and agreed to speak with agents without the presence of an attorney. HUIE admitted that he had previously been in the United States, and requested that "the Captain" be present during his interview, at which time the interview was concluded.

8.    HUIE was fingerprinted and those prints were subsequently cross-referenced with IDENT and IAFIS, two fingerprint databases commonly utilized by law enforcement. Results on IDENT and IAFIS were positive.

2

9.      The IDENT alert identified HUIE as being an aggravated felon, previously deported from the United States back to Jamaica, on June 29, 2011.  IAFIS returned criminal history associated with FBI# XXXX41JB3.  HUIE, on or about April 10, 2001, was convicted of one felony count of sexual abuse first degree: contact by forcible compulsion in Westchester County, New York.

10.     Further database checks revealed that HUIE is an alien and not a citizen of the United States, but rather is a native and citizen of Jamaica, who was previously removed from the United States on or about June 29, 2011, after being paroled.

11.     Additional database checks of ICE and CBP systems do not show any authorization or permission granted for legal reentry into the United States by HUIE. As a result, HUIE has attempted to enter into the United States, contrary to law.

12.     Based on the aforementioned information and investigation, I submit that there is probable cause to believe that Jiles Jackson RUSSELL, has violated Title 8, United States Code, Section 1324(a)(1)(A)(i), alien smuggling; and Title 8, United States Code, Section 922 (g)(5), possession of firearms and/or ammunition by prohibited person- alien.  There is also probable cause to believe that  Dwight Omar HUIE has violated Title 8, United States Code, Section 1326(a), attempted illegal reentry into the United States.

FURTHER YOUR AFFIANT SAYETH NAUGHT

JAMES E. MACEK
Special Agent, Homeland Security Investigations

Sworn and subscribed to before me this 19th day of March 19, 2018  in Fort Pierce, Florida.

SHANIEK M. MAYNARD
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 18-026-SMM

UNITED STATES OF AMERICA

v.

DWIGHT OMAR HUIE,
　　　　　　　　Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Miami Office of the United States Attorney's Office prior to July 20, 2008?

＿＿＿＿＿＿Yes　　＿＿X＿＿＿No

2. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office (West Palm Beach Office) only prior to December 18, 2011?

＿＿＿＿＿＿Yes　　＿＿X＿＿＿No

3. Did this matter originate from a matter pending in the Fort Pierce Office of the United States Attorney's Office prior to August 8, 2014?

＿＿＿＿＿＿Yes　　＿＿X＿＿＿No

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

Carmen M. Lineberger (A5501180)
Email:carmen.lineberger@usdoj.gov
Assistant United States Attorney
101 South U.S. Highway 1, Ste. 3100
Fort Pierce, Florida 34950
TEL: 772-466-0899
FAX: 772-466-1020
Attorney for Plaintiff U.S.A.